2009 BNH 035
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:  Bk. No. 08-13121-MWV
 Chapter 13
Edith C. Maroun,
         Debtor

Edith C. Maroun,
         Plaintiff

v.  Adv. No. 09-1109-MWV

The New York Mortgage
Company, LLC,
Fremont Investment & Loan,
Fremont General Corporation,
Litton Loan Servicing L.P.,
Deutsche Bank National
Company as Trustee,
         Defendants

*George Maroun, Jr., Esq.*
LAW OFFICE OF GEORGE MAROUN, JR.
*Attorney for Edith C. Maroun*

*Joseph P. Calandrelli, Esq. and*
*Richard E. Briansky, Esq.*
PRINCE LOBEL, LLP
*Joshua E. Menard, Esq.*
PRETI FLAHERTY
*Attorneys for Litton Loan Servicing L.P. and*
*Deutsche Bank National Trust Company as Trustee*

## MEMORANDUM OPINION

This matter comes before the Court on a motion to dismiss the complaint (Ct. Doc. No. 21) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Deutsche Bank National Company, as Trustee ("Deutsche Bank") and Litton Loan Servicing, LP ("Litton Loan") (collectively the "Defendants"), and the Plaintiff's objection thereto. In the complaint, the Plaintiff seeks to rescind her mortgage and collect damages pursuant to N.H. Rev. Stat. Ann. § 358-A, 15 U.S.C. §§ 1635, 1638, and 1639, and common law claims of breach of contract, intentional misrepresentation, breach of the covenant

of good faith and fair dealing, unjust enrichment, and fraud. On September 1, 2009, the Court held a hearing on the motion and took the matter under advisement.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).[1]

## BACKGROUND

In November 2006, the Plaintiff entered into a residential refinancing agreement secured by a mortgage (the "Loan and Mortgage") with Fremont Investment & Loan ("Fremont"). Fremont General Corporation is the parent company of Fremont, and The New York Mortgage Company, LLC brokered the Loan and Mortgage between the Plaintiff and Fremont. In early 2007, the Loan and Mortgage were allegedly assigned to Deutsche Bank, who claims to be the current holder. Litton Loan alleges that it is the current servicer of the Loan and Mortgage. At some point, the Plaintiff defaulted on her obligations under the Loan and Mortgage. Subsequently on October 28, 2008, the Plaintiff filed her Chapter 13 petition in bankruptcy. The Plaintiff brings the current action against all the named defendants jointly and severally asserting that Fremont and the New York Mortgage Company, LLC violated several state and federal laws by engaging in predatory lending, failing to provide material disclosures, misrepresenting facts, committing fraud, and breaching contracts. The Plaintiff asserts that the actions of Fremont and the New York Mortgage Company, LLC entitle her to rescind her mortgage, and collect actual damages against all named defendants jointly and severally. Defendants Deutsche Bank and Litton Loan filed a motion to dismiss the complaint alleging that they are not liable for acts committed by

---

[1] Consent to the treatment of this proceeding as core is implied from the actions of the parties. Neither party requested prior to judgment that the proceeding be declared non-core. Additionally, Deutsche Bank and Litton Loan have moved for a final judgment in the form of dismissal of the complaint.

Fremont, and are excepted from liability under state and federal law.

### DISCUSSION

Under Rule Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7012(b), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b).  In ruling on a Rule 12(b)(6) motion to dismiss, courts "must accept as true the well-pleaded factual allegations of the complaint" and "draw all reasonable inferences therefrom in the plaintiff's favor[.]" LaChapelle v. Berskshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted); Damon v. Moore, 520 F.3d 98, 102-03 (1st Cir. 2008).  "[Although] legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  To survive a Rule 12(b)(6) motion to dismiss, factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" and cross the line between "possibility" and "plausibility" of entitlement to relief.  Bell Atlantic Corp., 127 S.Ct. at 1965-66; Notinger v. Costa (In re Robotic Vision Sys., Inc.), 374 B.R. 36, 43 (Bankr. D.N.H. 2007).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the . . . court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S.Ct. at 1950.  The focus of a Rule 12(b)(6) inquiry is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Gilbert v. Essex Group, Inc., 930 F.Supp. 683, 686 (D.N.H. 1993) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### I.   Counts I and II: Violations of New Hampshire Consumer Protection Act

Counts I and II of the Plaintiff's complaint alleges violations in conjunction with the New

Hampshire Consumer Protection Act, Title XXXI N.H. Rev. Stat. Ann. § 358-A.  The Consumer Protection Act exempts "[t]rade or commerce that is subject to the jurisdiction of the bank commissioner . . . or federal banking or securities regulators who possess the authority to regulate unfair or deceptive trade practices."  Id. at § 358-A:3.  Deutsche Bank and Litton Loan argue that the exception in § 358-A:3 applies, and therefore the Plaintiff's claims under the Consumer Protection Act should be dismissed.  Deutsche Bank is the alleged current holder of the Loan and Mortgage at issue and Litton Loan is the alleged servicer.  While the Plaintiff neither admits or denies that Litton Loan is a servicer, no information has been provided alleging that Litton Loan is anything besides a servicer.  As a servicing company, Litton Loan is subject to the jurisdiction of the New Hampshire bank commissioner pursuant to N.H. Rev. Stat. Ann. § 397-B.  See Aubertin v. Fairbanks Capital Corp., 2005 WL 331351 1, *2 (D.N.H. 2005).  Since § 397-B regulates servicing companies and protects consumers from the same practices as proscribed under the New Hampshire Consumer Protection Act, Litton Loan falls within the exception and is exempt from claims arising under the New Hampshire Consumer Protection Act.

Similarly as a national bank, Deutsche Bank is subject to the jurisdiction of the Office of the Comptroller of the Currency (the "OCC"), a federal banking regulator.  12 U.S.C. § 1 *et seq;* id.  The Federal Deposit Insurance Act allows the OCC to oversee national banks and their subsidiaries to ensure against violations of any law or regulation.  12 U.S.C. § 1818; id.  "Section 5 of the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 45(a)(1), prohibits 'unfair or deceptive acts or practices in or affecting commerce.'"  Aubertin 2005 WL 331351 at *2.  The OCC is permitted to enforce action against national banks and their subsidiaries for violations of "*any* law or regulation, which necessarily includes Section 5 of the FTC Act."  Id.; 12 U.S.C. § 1818; see also OCC Advisory Letter 2002-3 at 3 (March 22, 2002).  The Plaintiff argues that Deutsche Bank does not fall within the exception, because its capacity here is as "Trustee."  With respect to the New Hampshire Consumer Protection Act, this is a distinction without difference.  Accordingly, Deutsche Bank also falls within the exception and is exempt from claims arising under the New Hampshire Consumer Protection Act.

## II.   Count VII: Violations of Truth in Lending Act

Count VII of the Plaintiff's complaint alleges that Fremont violated the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*, by failing to give the Plaintiff conspicuous notice of her right to cancel the transaction, and failing to provide a TILA disclosure with an accurate estimate of the cost of credit.  15 U.S.C. § 1635; 12 C.F.R. § 226.23; 12 C.F.R. § 226.18; 12 C.F.R. § 226.19.  Further, the Plaintiff states that 15 U.S.C. § 1641 transfers liability of such violations to assignees of a mortgage making Deutsche Bank and Litton Loan liable for Fremont's TILA violations.  TILA provides that:

> [t]he creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section.  The creditor shall also provide, in accordance with regulations of the Board, appropriate forms of the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635.

### A.   Liability of "Servicers" under TILA

Only creditors can be liable for damages and rescission for failure to comply with TILA's terms. 15 U.S.C. § 1640.  Under TILA, a "creditor" is defined as:

> a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602.  Litton Loan argues that it is merely a "servicer" of the loan as opposed to the mortgagee or assignee.  TILA defines a "servicer" as "the person responsible for servicing the loan." 15 U.S.C. § 1641(f).  Pursuant to TILA, a servicer is not considered an assignee of a mortgage "unless the servicer is or was the owner of the obligation."  See id.  Litton Loan has not been identified as anything other than a servicer.  While the Plaintiff does specify Litton Loan to be the servicer, nothing in the record suggest that Litton Loan holds a greater interest in the Mortgage that would qualify it as a "creditor" under TILA.  Accordingly, the TILA claim is dismissed against Litton Loan, as Litton Loan is not an

assignee under TILA.

### B. Notice of Right to Rescind

On the other hand, while denying liability, Deutsche Bank concedes that as an assignee to the Mortgage, it is subject to TILA. Typically, the right to rescind must be exercised within three business days of the last to occur of: (1) the date of the transaction, (2) the date the obligor received her TILA disclosures, or (3) the date the obligor received her notice of right to cancel. However, TILA extends the rescission period to three years if the creditor fails to provide "the required notice or material disclosures." See id.; 12 C.F.R. § 226.23. The notice of right to cancel given to the Plaintiff provided that:

> You are entering into a transaction that will result in a mortgage/lien/security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:
>
> (1) The date of the transaction, which is November 08, 2006;
>   or
> (2) The date you received your Truth in Lending disclosures;
>   or
> (3) The date you received this notice of your right to cancel.

Further, the notice stated: "[i]f you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of 11/13/2006 (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above.)." The Plaintiff signed the bottom of the notice indicating she received two copies of the notice on November 8, 2006. Approximately three years later, the Plaintiff brings this action alleging that the notice was confusing and she intends to rescind the transaction. The notice is almost identical to the model form adopted by the Federal Reserve Board. 12 C.F.R. Pt. 226, App. H. This alone, is "prima facie evidence of the adequacy of the disclosure statement." Palmer v. Champion Mortg., 465 F.3d 24, 29 (1st Cir. 2006). However, in assessing the clarity of the notice on a motion to dismiss, the Court must additionally consider "whether the average consumer, looking at the Notice objectively, would find it confusing." Id. at 28.

The notice clearly states that the Plaintiff can rescind "within THREE BUSINESS DAYS from

whichever [of the stated events] occurs last." The transaction date is provided as November 8, 2006. Further, the notice provides that rescission must occur "no later than MIDNIGHT of [sic] 11/13/2006 (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above)." The Court finds that the average consumer reading the notice would not find the rescission deadline confusing. Although some dates may be missing "[t]he date that [the Plaintiff] closed on the loan can hardly have been unknown to [her]," and such technical violations of TILA will not be held fatal. <u>Melfi v. WMC Mortgage Corp.</u>, 568 F.3d 309, 312 (1st Cir. 2009). Moreover, the Court fails to understand why the Plaintiff would sign the notice on the date of the transaction acknowledging receipt of the notice if she did not understand the document.

       **C.**       **Incomplete Disclosure Statement**

The Plaintiff's complaint also argues that a TILA violation occurred with respect to her disclosure statement. Failure to include the cost of credit could constitute a "material disclosure" under TILA, which would extend the rescission period to three years. 15 U.S.C. § 1602. For loans-such as this one-which are secured by real estate, TILA provides for assignee liability if "the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement provided in connection with such transaction . . . ." 15 U.S.C. § 1641(e). The Plaintiff alleges that the cost of credit was not included on the disclosure statement. Deutsche Bank's argument for dismissal focuses squarely on the notice of right to rescind. Deutsche Bank provides no argument or evidence to counter the Plaintiff's factual allegation of a TILA violation with respect to "material disclosures." Accordingly, the Plaintiff has asserted a plausible claim for relief under TILA against Deutsche Bank.

       **III.**       <u>**Remaining Counts of the Complaint**</u>

The remaining counts under the complaint are as follows: Count III for Breach of Contract, Count IV for Intentional Misrepresentation, Count V for Breach of the Covenant of Good Faith and Fair Dealing, Count VI for Unjust Enrichment, and Count VIII for Fraud. The Defendants argue that the remaining claims, which are based in the common law, should be dismissed because the Plaintiff fails to

allege that either Deutsche Bank or Litton Loan participated in or had knowledge of Fremont's wrongful conduct.  Additionally, the Defendants argue that the Plaintiff failed to plead the Misrepresentation and Fraud claims with particularity.  The Court finds the Defendants arguments are merely defenses to the Plaintiffs claims.  N.H. Rev. Stat. Ann. §§ 382-A:3-305 and 382-A:9-404 support the common law axiom that assignees "step in the shoes" of the assignor with respect to claims and defenses.[2]  While both Deutsche Bank and Litton Loan may have defenses to the Plaintiff's claims, the Court is not required to decide the merits of this case.  The Court must only decide whether the Plaintiff's claims are plausible.

## CONCLUSION

For the reasons set out herein, the Court grants Litton Loan's motion to dismiss Counts I, II, and VII, but denies Litton Loan's motion to dismiss with respect to the remaining counts of the complaint.  In addition, the Court grants Deutsche Bank's motion to dismiss Counts I and II, but denies Deutsche Bank's motion to dismiss with respect to the remaining counts of the complaint.  This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate final judgment consistent with this opinion.

DATED this 3rd day of December, 2009, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge

---

[2]TILA clearly excepts "servicers" from assignee liability.  However, a like exception does not explicitly exist under the applicable New Hampshire law.