2010 BNH 007
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:  Bk. No. 08-13121-MWV
Chapter 13
Edith C. Maroun,
        Debtor

Edith C. Maroun,
        Plaintiff

v.  Adv. No. 09-1109-MWV

The New York Mortgage
Company, LLC,
Fremont Investment & Loan,
Litton Loan Servicing L.P.,
Deutsche Bank National
Company as Trustee,
        Defendants

*George Maroun, Jr., Esq.*
*LAW OFFICE OF GEORGE MAROUN, JR.*
*Attorney for Edith C. Maroun*

*Dean J. Wagner, Esq.*
*SHECHTMAN, HALPERIN, SAVAGE, LLP*
*Attorney for Fremont Investment & Loan*

## MEMORANDUM OPINION

This matter comes before the Court on a motion to dismiss the complaint for lack of subject matter jurisdiction (Ct. Doc. No. 39) pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by Fremont Investment & Loan ("Fremont"), and the Plaintiff's objection thereto. In the complaint, the Plaintiff seeks to rescind her mortgage and collect damages pursuant to N.H. Rev. Stat. Ann. § 358-A, 15 U.S.C. §§ 1635, 1638, and 1639, and common law claims of breach of contract, intentional misrepresentation, breach of the covenant of good faith and fair dealing, unjust enrichment, and fraud. On February 1, 2010, the Court held a hearing on the motion and took the matter under advisement.

## BACKGROUND

In November 2006, the Plaintiff entered into a residential refinancing agreement secured by a mortgage (the "Loan and Mortgage") with Fremont.  Fremont General Corporation[1] is the parent company of Fremont, and The New York Mortgage Company, LLC brokered the Loan and Mortgage between the Plaintiff and Fremont.  Deutsche Bank National Company now claims to be the current holder.  The Plaintiff has defaulted on her obligations under the Loan and Mortgage.  Subsequently, on October 28, 2008, the Plaintiff filed her Chapter 13 petition in bankruptcy.  The Plaintiff brings the current action against all of the named defendants for joint and several liability asserting that Fremont and The New York Mortgage Company, LLC, violated several state and federal laws by engaging in predatory lending, failing to provide material disclosures, misrepresenting facts, committing fraud, and breaching contracts.  The Plaintiff asserts that the actions of Fremont and The New York Mortgage Company, LLC, entitle her to rescind her mortgage, and collect actual damages.  The Plaintiff failed to set forth the jurisdictional statements in her complaint, and Fremont filed a motion to dismiss the complaint for lack of subject matter jurisdiction.

## DISCUSSION

Although Fremont's motion is filed as one to dismiss for lack of subject matter jurisdiction, Fremont's arguments both within the motion and at the hearing actually frame the issue as whether the Court has "core" or "non-core" jurisdiction.  Fremont argues that all of the claims asserted in the Plaintiff's complaint are "non-core," and Fremont has not asserted a claim against the bankruptcy estate.  Accordingly, Fremont moves the Court to abstain from adjudicating the claims pursuant to 28 U.S.C. 1334(c).

Jurisdiction of the bankruptcy court is governed by 28 U.S.C. § 1334 and 28 U.S.C. § 157(a).  Under Section 1334, district courts are conferred with "original and exclusive jurisdiction of all cases

---

[1] Fremont General Corporation was originally named as a defendant in this case, but was subsequently dismissed as a party defendant.

under title 11," and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b).  Section 157 gives the district court the power to refer "all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy court.  28 U.S.C. § 157(a).

Cases that "arise under" title 11 involve causes of actions created or determined by a statutory provision of the bankruptcy code.  Steele v. Ocwen Federal Bank (In re Steele), 258 B.R. 319, 321 (Bankr. D.N.H. 2001).  "Arising in" proceedings do not fall under an express right created by the bankruptcy code, but would have no existence outside of the bankruptcy.  Marotta Gund Budd & Dzera LLC v. Costa, 340 B.R. 661, 666 (D.N.H. 2006).  "Actions 'arising under' title 11 or 'arising in' a case under title 11 are referred to as 'core' proceedings."  Newfound Lake Marina, Inc. v. Sumac Corp. (In re Newfound Lake Marina, Inc.), 2008 WL 4868885 1, 2 (Bankr. D.N.H. 2008).  All of the claims in the Plaintiff's complaint are not "core proceedings" since the claims are neither created by nor determined by the bankruptcy code, and they can be pursued outside of bankruptcy.

Bankruptcy courts may still have jurisdiction over proceedings under the court's "related to" jurisdiction, if the actions could have an effect on the administration of the bankruptcy estate.  Newfound Lake Marina, 2008 WL 4868885 1 at 2; Steele, 258 B.R. at 322.  "Related to" proceedings are referred to as "non-core proceedings."  The Plaintiff's complaint involves state and federal claims regarding a Loan and Mortgage in connection with her residence.  As such, the outcome could alter the Plaintiff's rights and liabilities and have an effect on the administration of the bankruptcy estate.  Therefore the Plaintiff's claims fall within the Court's "related to" jurisdiction.

Section 157(c)(1) provides that if a proceeding is non-core, but otherwise related to a case under title 11, a bankruptcy court may hear the proceeding but can only submit proposed findings of fact and conclusions of law to the district court unless all parties consent to a final order or judgment by the bankruptcy court.  Fremont explicitly denies consent to the Court entering final judgment.  In cases where the bankruptcy court has non-core, related jurisdiction, the court has discretionary power to abstain from

hearing the case. Section 1334(c)(1) provides that "[n]othing in this section prevents a district court in the interest of justice, or interest of comity with State court or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). "Although section 1334(c)(1) grants discretionary abstention power to the 'district court,' there is authority for the position that such power is also granted to the bankruptcy courts." Ford v. Clement (In re Beckmeyer), 1999 WL 33457767 1, 2 (Bankr. D.N.H. 1999). The Court believes that abstention is appropriate where, as here, the claims largely concern state law and can be more properly and efficiently adjudicated in another forum.

## CONCLUSION

For the reasons set out herein, the Court will abstain from hearing this adversary proceeding as against Fremont. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

DATED this 11th day of February 2010, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge