2010 BNH 008
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:  Bk. No. 08-13121-MWV
  Chapter 13
Edith C. Maroun,
        Debtor

Edith C. Maroun,
        Plaintiff

v.  Adv. No. 09-1109-MWV

The New York Mortgage
Company, LLC,
Fremont Investment & Loan,
Litton Loan Servicing L.P.,
Deutsche Bank National
Company as Trustee,
        Defendants

*George Maroun, Jr., Esq.*
LAW OFFICE OF GEORGE MAROUN, JR.
*Attorney for Edith C. Maroun*

*Joseph A. Foster, Esq.*
MCLANE, GRAF, RAULERSON & MIDDLETON
*Scott Markowitz, Esq.*
TARTER, KRINSKY & DROGIN, LLP
*Attorneys for Hypotheca Capital, LLC*
*f/k/a The New York Mortgage Company, LLC*

### MEMORANDUM OPINION

      This matter comes before the Court on a motion for judgment on the pleadings (Ct. Doc. No. 42) pursuant to Federal Rule of Civil Procedure 12(c) filed by The New York Mortgage Company, LLC ("New York Mortgage"), and the Plaintiff's objection thereto. In the complaint, the Plaintiff seeks to rescind her mortgage and collect damages pursuant to N.H. Rev. Stat. Ann. § 358-A, 15 U.S.C. §§ 1635, 1638, and 1639, and common law claims of breach of contract, intentional misrepresentation, breach of the covenant of good faith and fair dealing, unjust enrichment, and fraud. On February 1, 2010, the Court held a hearing on the motion and took the matter under advisement.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).  It is important to note that the Plaintiff failed to set forth the jurisdictional statement in her complaint.  Neither party raised the issue of jurisdiction nor requested prior to judgment that the proceeding be declared "non-core."  Consent to the treatment of this proceeding as "core" is implied from the actions of the parties.  Additionally, New York Mortgage moved for a final judgment in the form of dismissal of the complaint.

## BACKGROUND

In November 2006, Edith C. Maroun (the "Plaintiff") entered into a residential refinancing agreement secured by a mortgage (the "Loan and Mortgage") with Fremont Investment & Loan ("Fremont"). Fremont General Corporation[1] is the parent company of Fremont, and New York Mortgage brokered the transaction between the Plaintiff and Fremont.  The Loan and Mortgage has since been assigned to Deutsche Bank National Company.  At some point, the Plaintiff defaulted on her obligations under the Loan and Mortgage.  Subsequently, on October 28, 2008, the Plaintiff filed her Chapter 13 petition in bankruptcy.  The Plaintiff brings the current action against all of the named defendants for joint and several liability asserting that Fremont and New York Mortgage violated several state and federal laws by engaging in predatory lending, failing to provide material disclosures, misrepresenting facts, committing fraud, and breaching contracts.  The Plaintiff seeks to rescind her mortgage and collect actual damages.  New York Mortgage filed a motion for judgment on the pleadings requesting the Court to dismiss the complaint.

---

[1] Fremont General Corporation was originally named as a defendant in this case, but was subsequently dismissed as a party defendant.

<u>DISCUSSION</u>

"Once a defendant files an answer, the pleadings are closed. At that time, a party may file a motion for judgment on the pleadings." <u>Dartmouth Hitchcock Med. Ctr. v. Cross Country Travvorps, Inc.</u>, 2009 WL 2020204 1, 1 (D.N.H. 2009) (citing Fed. R. Civ. P. 12(c)). A motion for judgment on the pleadings is considered in the same manner as a Rule 12(b)(6) motion to dismiss. <u>Curran v. Cousins</u>, 509 F.3d 43-44 (1st Cir. 2007). "Because [a Rule 12(c)] motion calls for an assessment of the merits of the case at an embryonic state, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom . . . ." <u>Perez-Acevedo v. Rivero-Cubano</u>, 520 F.3d 26, 29 (1st Cir. 2008) (internal citations omitted). "Those facts may be derived from the complaint, from documents annexed to or fairly incorporated in it, and from matters susceptible to judicial notice." <u>Warren Feedenfeld Assoc., Inc. v. McTigue</u>, 531 F.3d 38, 44 (1st Cir. 2008). Like a Rule 12(b)(6) motion to dismiss, to survive a Rule 12(c) motion, factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" and cross the line between "possibility" and "plausibility" of entitlement to relief. <u>Bell Atlantic Corp.</u>, 127 S.Ct. at 1965-66; <u>Notinger v. Costa (In re Robotic Vision Sys., Inc.)</u>, 374 B.R. 36, 43 (Bankr. D.N.H. 2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the . . . court to draw on its judicial experience and common sense." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1950 (2009). The focus of the inquiry is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Gilbert v. Essex Group, Inc.</u>, 930 F.Supp. 683, 686 (D.N.H. 1993) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)).

**I.    Violations of the New Hampshire Consumer Protection Act**

Counts I and II of the Plaintiff's complaint allege violations in conjunction with the New Hampshire Consumer Protection Act (the "CPA"). N.H. Rev. Stat. Ann. § 358-A. The CPA exempts "[t]rade or commerce that is subject to the jurisdiction of the bank commissioner . . ., the financial

institutions and insurance regulators of other states, or federal banking or securities regulators who possess the authority to regulate unfair or deceptive trade practices." Id. at § 358-A:3. New York Mortgage argues that it is subject to both the New Hampshire bank commissioner under N.H. Rev. Stat. Ann. § 397-A, and regulated by the State of New York Banking Department. Thus, the exception in § 358-A:3 applies, and New York Mortgage contends the Plaintiff's claims under the CPA should be dismissed.

The Plaintiff's complaint avers that New York Mortgage brokered the transaction that is the subject of this proceeding. When New York Mortgage acts in the capacity of a mortgage broker or mortgage banker in the State of New Hampshire, it is subject to the jurisdiction of the New Hampshire bank commissioner pursuant to N.H. Rev. Stat. Ann. § 397-A:2. Section 397-A regulates mortgage bankers and mortgage brokers and protects consumers from the same practices as proscribed under the CPA. See N.H. Rev. Stat. Ann. § 397-A:2, VI. Moreover, N.H. Rev. Stat. Ann. § 383-d provides that the banking commissioner "shall have exclusive authority and jurisdiction to investigate conduct that is or may be an unfair or deceptive act or practice under RSA 358-A and exempt under RSA 358-A:3, I . . . ." Thus, New York Mortgage falls within the exception under § 358-A:3, I and is exempt from claims arising under the CPA. As such, Counts I and II of the complaint are dismissed.

  **II.  Violations of the Truth in Lending Act**

In Count VII of the complaint, the Plaintiff alleges that Fremont violated the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*, by failing to give the Plaintiff conspicuous notice of her right to cancel the transaction, and failing to provide a TILA disclosure with an accurate estimate of the cost of credit. 15 U.S.C. § 1635; 12 C.F.R. § 226.23; 12 C.F.R. § 226.18; 12 C.F.R. § 226.19. New York Mortgage moves to dismiss Count VII, because: (1) the action is time-barred, (2) New York Mortgage is not a "creditor" as defined by TILA, and (3) the notice of right to cancel was sufficient. Because the

Court agrees that New York Mortgage is not a "creditor" under TILA as set forth below, there is no need to address the merits of the other arguments.

TILA provides that:

[t]he creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section.  The creditor shall also provide, in accordance with regulations of the Board, appropriate forms of the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635.

Only creditors can be liable for damages and rescission for failure to comply with TILA's terms.

15 U.S.C. § 1640.  Under TILA, a "creditor" is defined as:

a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602.  Because Fremont was the person to whom the loan obligation was initially payable, New York Mortgage cannot be a "creditor" under TILA.  See Iannuzzi v. Washington Mut. Bank, 2008 WL 3978189 1, 7-8 (E.D.N.Y. 2008) (holding that mortgage broker was not a creditor within the meaning of TILA); accord Viernes v. Executive Mortgage, Inc., 372 F.Supp.2d 576, 580-82 (D. Haw. 2004); Robey-Harcourt v. Bencorp Fin. Co., 326 F.3d 1140, 1142-42 (10th Cir. 2003); Wilson v. Homecomings Fin. Network, Inc., 407 F.Supp.2d 893, 896 (N.D. Ohio 2005); Noel v. Fleet Fin., 971 F.Supp. 1102, 1109 (E.D. Mich. 1997).  Consequently, Count VII of the complaint is dismissed.

### III. Remaining Claims of the Complaint

#### A. Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing

Count III of the Plaintiff's complaint alleges breach of contract in connection with the Loan and Mortgage.  Similarly, Count V alleges breach of the covenant of good faith and fair dealing in connection

with the Loan and Mortgage.  New York Mortgage argues that both claims should be dismissed, because the Plaintiff fails to allege that a contract existed between her and New York Mortgage or that New York Mortgage breached a contract with the Plaintiff.  The Court is unconvinced by these arguments.  With respect to the breach of contract claim, the Plaintiff specifically pled that Fremont acted through its agent, New York Mortgage.  Furthermore, the gravamen of the Plaintiff's complaint alleges that Fremont and New York Mortgage acted in concert in engaging the Plaintiff to enter the Loan and Mortgage.  The complaint alleges various facts asserting that both Fremont and New York Mortgage offered terms at the closing of the Loan and Mortgage that differed from the initial agreement.  Drawing all inferences in the light most favorable to the Plaintiff, it is plausible that Fremont and New York Mortgage entered into a contract with the Plaintiff via the Loan and Mortgage and that both parties breached that contract.  In addition, the conduct of both Fremont and New York Mortgage in entering the contract and then supposedly breaching it could plausibly constitute a breach of the covenant of good faith and fair dealing.  Therefore, New York Mortgage's motion for judgment on the pleadings is denied as to Count III and V.

### B.    Intentional Misrepresentation and Fraud

Count IV of the complaint alleges that Fremont and New York Mortgage intentionally made misrepresentations in connection with the Loan and Mortgage.  Count VIII of the complaint alleges various false and misleading statements made by "the Defendants."  New York Mortgage moves to dismiss these claims for failure to plead with particularity.

Rule 9(b) provides that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "This requirement 'entails specifying in the pleader's complaint the time, place, and content of the alleged false or fraudulent representations." Arruda v. Sears Roebuck & Co., 310 F.3d 13, 19 (1st Cir. 2002) (quoting Powers v. Boston Cooper Corp., 926 F.2d 109, 111 (1st Cir. 1999).  "Where [] 'multiple defendants are involved, each defendant's role in the fraud must be particularized.'"  Manchester Mfg. Acquisitions, Inc. v. Sears, Roebuck & Co.,

802 F.Supp. 595, 600 (D.N.H. 1992) (quoting <u>Shields v. Amoskeag Bank Shares, Inc.</u>, 766 F.Supp. 32, 40 (D.N.H. 1991)).  The purpose of the Rule 9(b) is to give "each defendant . . . notice of what role he is alleged to have played in the fraud."  <u>Shields</u>, 766 F.Supp. 32 at 40.

  Throughout the complaint, the Plaintiff alleges that Fremont, New York Mortgage, and James Horgan (agent of New York Mortgage) all worked with the Plaintiff during the Loan and Mortgage transaction.  The complaint includes relevant dates as to the closing date and date of transaction when the causes of action occurred.  With respect to New York Mortgage, the Plaintiff specifically alleges that James Horgan intentionally misrepresented several facts on all loan documents.  Additionally, New York Mortgage, acting as Fremont's agent, is alleged to have engaged in fraud and intentional misrepresentations when offering different terms on the closing date than were previously agreed to.  The Court is satisfied that the complaint provides New York Mortgage with sufficient notice as to its role in the alleged fraud.  Because the Plaintiff has alleged a plausible entitlement to relief, the motion for judgment on the pleadings is denied as to Counts IV and VIII.

    **C. Unjust Enrichment**

  Count VI  alleges that as a result of New York Mortgage's conduct, it has been unjustly enriched at the expense of the Plaintiff.  New York Mortgage moves for dismissal of this claim arguing that the Plaintiff fails to show that she is entitled to such relief.  "The doctrine of unjust enrichment is that one shall not be allowed to profit or enrich himself at the expense of another contrary to equity."  <u>Cohen v. Frand Developers, Inc.</u>, 389 A.2d 933, 937 (N.H. 1978) (quoting <u>American University v. Forbes</u>, 183 A. 860, 862 (N.H. 1936)).  "To entitle one to restitution, it must be shown that there was unjust enrichment . . . through wrongful acts . . . ."  <u>Cohen</u>, 389 A.2d 933 at 937 (quoting <u>Nute v Blaisdell</u>, 374 A.2d 923, 925 (N.H. 1977)); <u>Clapp v. Goffstown School Dist.</u>, 977 A.2d 1021, 1025 (N.H. 2009).  Under New Hampshire law, the general rule is that unjust enrichment cannot exist where there is a valid contract.  However, "[u]just enrichment may be available to contracting parties where the contract was breached

. . . ." Id. The Plaintiff sufficiently alleges in her complaint that New York Mortgage engaged in various wrongful acts in connection with the Loan and Mortgage, namely misrepresenting facts and offering a different contract at closing than previously agreed upon. The Plaintiff claims that New York Mortgage unjustly profited as a result of these bad acts. Further, the Court has already ruled that the Plaintiff has a plausible claim for breach of contract. Accordingly, New York Mortgage's motion for judgment on the pleadings is denied as the Count VI.

### IV.     Abstention

Pursuant to 28 U.S.C. § 1334(c)(1), "a district court in the interest of justice, or in the interest of comity with State courts or respect for State law [may abstain] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). "Although section 1334(c)(1) grants discretionary power to the 'district court,'" such power is similarly conferred on bankruptcy courts. Ford v. Clement (In re Beckmeyer), 1999 BNH WL 33457767 1, 2 (Bankr. D.N.H. 1999). As previously noted, *supra*, the Court treats the current proceeding as "core." Nonetheless, "[d]iscretionary abstention applies to both core and non-core proceedings." Id. The issue of discretionary abstention may be raised by a court *sua sponte*. Id. at 4. In the instant adversary proceeding, the Court has already ruled that it will abstain from hearing the Plaintiff's claims as they relate to Fremont. Moreover, all of the allegations in the Plaintiff's complaint claim that Fremont and New York Mortgage acted in concert or that New York Mortgage acted as an agent of Fremont. Accordingly, the claims and defenses in the proceeding against Fremont will largely mirror the claims and defenses in the proceeding against New York Mortgage. The only claims remaining are state common law claims, and New York Mortgage has not asserted a claim against the bankruptcy estate. Therefore, the Court finds that in the "interest of justice" and in "respect for state law," it shall exercise its power under 28 U.S.C. § 1334(c)(1) to abstain from hearing the remaining claims against New York Mortgage in this adversary proceeding.

### CONCLUSION

For the reasons set out herein, the Court grants in part, and denies in part New York Mortgage's motion for judgment on the pleadings. The complaint with respect to New York Mortgage is dismissed as to Counts I, II, and VII, but the Plaintiff may proceed on her claims under Counts III, IV, V, VI, and VIII. However, the Court shall exercise its power under 28 U.S.C. § 1334(c)(1) to abstain from hearing the remaining claims against New York Mortgage. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

DATED this 11th day of February 2010, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge