2010 BNH 026
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                                   Bk. No. 08-13121-MWV
                                                                                            Chapter 13

Edith C. Maroun,
                Debtor

Edith C. Maroun,
                Plaintiff

v.                                                                                   Adv. No. 09-1109-MWV

Litton Loan Servicing L.P. and
Deutsche Bank National
Company as Trustee,
                Defendants

*George Maroun, Jr., Esq.*
LAW OFFICE OF GEORGE MAROUN, JR.
*Attorney for Edith C. Maroun*

*Joseph P. Calandrelli, Esq. and*
*Richard E. Briansky, Esq.*
PRINCE LOBEL, LLP
*Joshua E. Menard, Esq.*
PRETI FLAHERTY
*Attorneys for Litton Loan Servicing L.P. and*
*Deutsche Bank National Trust Company as Trustee*

## MEMORANDUM OPINION

This matter comes before the Court on a motion for summary judgment (Ct. Doc. No. 69) pursuant to Federal Rule of Civil Procedure 56 filed by Deutsche Bank National Company as Trustee ("Deutsche Bank") and Litton Loan Servicing L.P. ("Litton Loan") and Edith C. Maroun's (the "Plaintiff") objection thereto. On May 18, 2010, the Court held a hearing on the motion and took the matter under advisement.

### JURISDICTION

Under Section 1334, district courts are conferred with "original and exclusive jurisdiction of all cases under title 11," and "original but not exclusive jurisdiction of all civil proceedings arising under title

11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b).  Section 157 gives the district court the power to refer "all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy court.  28 U.S.C. § 157(a).

Cases that "arise under" title 11 involve causes of actions created or determined by a statutory provision of the bankruptcy code.  Steele v. Ocwen Federal Bank (In re Steele), 258 B.R. 319, 321 (Bankr. D.N.H. 2001).  "Arising in" proceedings do not fall under an express right created by the bankruptcy code, but would have no existence outside of the bankruptcy.  Marotta Gund Budd & Dzera LLC v. Costa, 340 B.R. 661, 666 (D.N.H. 2006).  "Actions 'arising under' title 11 or 'arising in' a case under title 11 are referred to as 'core' proceedings."  Newfound Lake Marina, Inc. v. Sumac Corp. (In re Newfound Lake Marina, Inc.), 2008 WL 4868885 1, 2 (Bankr. D.N.H. 2008).  All of the remaining claims in the Plaintiff's complaint against Deutsche Bank and Litton Loan are neither created by nor determined by the bankruptcy code, and can be pursued outside of bankruptcy.

Bankruptcy courts may still have jurisdiction over proceedings under the court's "related to" jurisdiction, if the actions could have an effect on the administration of the bankruptcy estate.  In re Newfound Lake Marina, 2008 WL 4868885 1 at 2; In re Steele, 258 B.R. at 322.  "Related to" proceedings are referred to as "non-core proceedings."  Both Deutsche Bank and Litton Loan have filed claims against the Plaintiff in her bankruptcy case.  As such, the outcome could alter the Plaintiff's rights and liabilities and have an effect on the administration of the bankruptcy estate.  Therefore the Plaintiff's claims fall within the Court's "related to" jurisdiction.

Section 157(c)(1) provides that if a proceeding is non-core, but otherwise related to a case under title 11, a bankruptcy court may hear the proceeding but can only submit proposed findings of fact and conclusions of law to the district court unless all parties consent to a final order or judgment by the bankruptcy court.  Consent is implied based on the parties' previous actions, including moving for final judgment in the form of dismissal of the case.

**BACKGROUND**

In November 2006, the Plaintiff entered into a residential refinancing agreement secured by a mortgage (the "Loan and Mortgage") with Fremont Investment & Loan ("Fremont").  The New York Mortgage Company, LLC ("New York Mortgage") brokered the Loan and Mortgage between the Plaintiff and Fremont.  In early 2007, the Loan and Mortgage were allegedly assigned to Deutsche Bank, who claims to be the current holder.  Litton Loan alleges that it is the current servicer of the Loan and Mortgage.  At some point, the Plaintiff defaulted on her obligations under the Loan and Mortgage.  Subsequently on October 28, 2008, the Plaintiff filed her Chapter 13 petition in bankruptcy.  On June 29, 2009, the Plaintiff brought suit on the Loan and Mortgage alleging eight counts pursuant to N.H. Rev. Stat. Ann. § 358-A, 15 U.S.C. §§ 1635, 1638, and 1639, and common law claims of breach of contract, intentional misrepresentation, breach of the covenant of good faith and fair dealing, unjust enrichment, and fraud.

This adversary proceeding was initially filed against the following five named defendants: (1) New York Mortgage, (2) Fremont, (3) Fremont General Corporation ("Fremont General"), (4) Litton Loan, and (5) Deutsche Bank.  Of the original named defendants, only Deutsche Bank and Litton Loan filed claims against the Plaintiff in the lead bankruptcy case.  On September 22, 2009, the Court granted the Plaintiff's motion to dismiss Fremont General as a party defendant (Ct. Doc. No. 30).  On February 11, 2010, this Court held that this was a non-core adversary proceeding against Fremont in which the Court only had "related to" jurisdiction (Ct. Doc. No. 59).  Since Fremont explicitly denied consent to this Court entering final judgment, the Court found it appropriate to abstain from hearing the case against Fremont.

New York Mortgage filed a motion for judgment on the pleadings on November 20, 2009, but did not raise any issue as to this Court's jurisdiction.  The Court dismissed Counts I, II, and VII of the complaint against New York Mortgage, but found that the Plaintiff could proceed on the remainder of her claims (Ct. Doc. No. 61).  However, because all counts of the Plaintiff's complaint alleged that Fremont

and New York Mortgage acted in concert or that New York Mortgage acted as an agent of Fremont, the Court found that New York Mortgage's claims and defenses would be similar if not exactly the same as Fremont.  Accordingly, the Court exercised its discretionary power to abstain from hearing the remaining counts of the complaint against New York Mortgage.

Consequently, Deutsche Bank and Litton Loan are the only remaining defendants before this Court in the current adversary proceeding.  The Court previously dismissed the complaint as to Counts I, II, and VII against Litton Loan and Counts I and II against Deutsche Bank (Ct. Doc. Nos. 45 and 46).  Therefore, the remaining counts against Litton Loan are as follows: Count III for Breach of Contract, Count IV for Intentional Misrepresentation, Count V for Breach of the Covenant of Good Faith and Fair Dealing, Count VI for Unjust Enrichment, and Count VIII for Fraud.  Deutsche Bank is similarly subject to the aforementioned counts of the complaint in addition to Count VII for Violations of the Federal Truth in Lending Act.  Deutsche Bank and Litton Loan now move the Court for summary judgment as to the remaining counts of the complaint.

## DISCUSSION

The Court need not reach the merits of Deutsche Bank's and Litton Loan's motion for summary judgment.  Pursuant to 28 U.S.C. § 1334(c)(1), "a district court in the interest of justice, or in the interest of comity with State courts or respect for State law [may abstain] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."  28 U.S.C. § 1334(c)(1).  Through 28 U.S.C. § 1334(c)(1), discretionary power to abstain from hearing proceedings is also granted to bankruptcy courts.  Ford v. Clement (In re Beckmeyer), 1999 BNH WL 33457767 1, 2 (Bankr. D.N.H. 1999).  The issue of discretionary abstention may be raised by a court *sua sponte*.  Id. at 4.

The Plaintiff's entire complaint focuses on the alleged actions of Fremont and New York Mortgage.  Liability as to Deutsche Bank and Litton Loan is only predicated on assignee liability, constructive notice, and joint and several liability.  Nowhere in the complaint does the Plaintiff allege that Deutsche Bank and/or Litton Loan are liable for their individual actions relating to the Loan and

Mortgage.  Any judgment rendered by this Court relating to Deutsche Bank and Litton Loan necessarily requires the Court to adjudicate the merits of the complaint against Fremont and New York Mortgage, which the Court has already ruled that it will abstain from doing.  Therefore, the Court finds that in the "interest of justice" and consistency and out of "respect for state law," it will exercise its power under 28 U.S.C. § 1334(c)(1) to abstain from hearing this adversary proceeding against Deutsche Bank and Litton Loan.

## CONCLUSION

For the reasons set out herein, the Court will exercise its power under 28 U.S.C. § 1334(c)(1) to abstain from hearing this adversary proceeding against Deutsche Bank and Litton Loan.  This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate final judgment consistent with this opinion.

DATED this 27th day of August 2010, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge